IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DEMARIO L. ROBERTSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00107-M-BP |
| | § | |
| STATES and WICHITA FALLS | § | |
| POLICE DEPARTMENT, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil action brought by Plaintiff *pro se* and *in forma pauperis.* In his Amended Complaint, he alleges unspecified violations of federal law and seeks relief of "[p]resent case dismissed with time served and counsel on civil litigations." *See* ECF No. 6 at 4. On January 6, 2021, the Court issued a Questionnaire to Plaintiff to gather further information that would be helpful to the Court in adjudicating the case. ECF No. 18. Plaintiff filed his Answers on January 28, 2021. ECF No. 21. After reviewing the Amended Complaint, Plaintiff's Answers to the Court's Questionnaire, and applicable legal authorities, the undersigned recommends that Chief United States District Judge Barbara M. G. Lynn **DISMISS** this case **with PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

Plaintiff Demario L. Robertson ("Robertson") initially filed this case while he was an inmate at the Wichita County Jail. *See* ECF No. 1 at 1, 3. The Court granted Robertson leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915. ECF No. 16. In his Amended Complaint, Robertson provided the following Statement of Claim:

> Accessory to commit violations of first amendment rights and fraud. The accused defendants are states and violations have been pending since 04/04/2020 and have been pending since 07/07/2014. Also picketing & parading. The defendants are named in the probable cause affidavits of all charges in which I've been held for.

ECF No. 6 at 4.

To gain a better understanding of the facts supporting his claims, the Court issued a questionnaire to him. In his Answers, Robertson stated that the name of each person or entity he wanted included as a defendant in the case was unknown. ECF No. 21 at 1. When asked to state all facts known to him that established a defendant violated his civil rights, he replied: "Amendment one; Freedom of religion, freedom of Speech, and of the press. Freedom of liberty and the right to peacefully assemble." *Id.* at 2. When asked to state facts to support the liability of a defendant other than for violating his civil rights, Robertson replied, "Civilianship varies." *Id.* at 3. Asked to state all relief he is seeking in this case, Robertson answered, "Relief pleadings are noticed in civil complaint case number 720-cv-024-M." *Id.* at 4. Although Robertson listed the Wichita Falls Police Department as a defendant, he did not otherwise mention it in his Amended Complaint or in his Answers to the Court's Questionnaire. *See* ECF Nos. 6, 21.

This is Robertson's second case filed against "States" in this Court. In the first one, Civil Action Number 7:20-cv-00024-M-BP ("the First Case"), Robertson sought to recover $1,000,000,000,000.00 in damages for pain and suffering "due to Title 18 Ch. 1 Sec 2-6, 8, 13, 16, 17, 18, 19 & 25." *See* Complaint in the First Case, ECF No. 1 at 4. He identified the defendants in the style of the case as "States," but he did not otherwise name a specific state or states in the body of the complaint. *Id.* Chief Judge Lynn dismissed the First Case without prejudice when Robertson did not file an amended complaint that complied with the pleading requirements of the Federal Rules of Civil Procedure by the Court's April 27, 2020 deadline.

Although it is not entirely clear, it appears that the claims Robertson asserts in the present case are the same as those described in the First Case.

## II.     LEGAL STANDARDS

A district court may summarily dismiss claims filed by a *pro se* litigant proceeding *in forma pauperis* if it concludes that the claims are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must accept all of a plaintiff's factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, a mechanical restatement of the elements of a cause of action, supported by conclusory statements instead of fact, is insufficient. *Id.*

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* Additionally, there exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). As a result, courts generally allow plaintiffs at least one opportunity to amend. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548-49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Courts may issue questionnaires to *pro se* parties to gain a better understanding of their claims. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (court should not dismiss complaint without attempting to further develop *pro se* party's insufficient factual claims); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (questionnaire is appropriate vehicle for court to determine the facts underlying *pro se* plaintiff's complaint). Although the party's questionnaire answer does not "constitute an independent pleading," it does become part of the "total filing" of the *pro se* party. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

### III.   ANALYSIS

Robertson alleges no facts against Defendants "States" and the Wichita Falls Police Department in his Amended Complaint or Answers to the Court's Questionnaire. He makes

various general references to his first amendment rights and mentions "fraud," but he states no facts that would support a claim against the State of Texas, any other state, or the Wichita Falls Police Department. These references in his Amended Complaint and vague statements in his questionnaire answers, liberally construed as the Court does in reviewing a complaint filed by a *pro se* plaintiff, wholly fail to meet the pleading standards established in *Iqbal* and *Twombly* and do not state a claim upon which the Court could grant relief against the Defendants.

This case is the second one Robertson filed against "States," and follows Chief Judge Lynn's dismissal of the First Case without prejudice for failure to file an amended complaint that complied with the pleading standards provided by the Federal Rules of Civil Procedure. Further, Robertson amended his complaint once in the present case and answered the Court's Questionnaire. Despite these opportunities to present facts upon which relief could be granted, Robertson has not done so. Therefore, the Court concludes that Robertson has filed his best, though legally insufficient, case against Defendants.

Accordingly, Chief United States District Judge Barbara M. G. Lynn should **DISMISS** this case **WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 18, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE