IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **DEMARIO L. ROBERTSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00107-M-BP |
| | § | |
| **STATES and WICHITA FALLS** | § | |
| **POLICE DEPARTMENT,** | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a document entitled "Motion" filed by Plaintiff on June 18, 2021. ECF No. 28. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn construe the Motion as a request for relief from the Judgment under Rule 60(b) and **DENY** the Motion.

**I.    BACKGROUND**

Plaintiff Demario L. Robertson ("Robertson") filed this case *pro se* and *in forma pauperis* on August 7, 2020. ECF No. 1. Initially, he sued "States," but later added the Wichita Falls Police Department as a defendant. ECF Nos. 1 and 6. After receiving Robertson's answers to a Questionnaire, the undersigned entered findings, conclusions, and a recommendation that Chief Judge Lynn dismiss the case with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. ECF Nos. 21 and 23. Robertson did not file any objections. Chief Judge Lynn accepted the Findings, Conclusions, and Recommendation and entered Judgment dismissing the case with prejudice on March 16, 2021. ECF Nos. 24 and 25.

In the Motion, it is unclear what reason Robertson has for reopening the case or revising the Judgment. In the final sentence of the Motion, he "asks the court to grant ownership of an [sic] Wichita Falls County property search, property ID No. 157447, utilities paid without administrative offset and the short listed invoice attached for emergency purposes only." ECF No. 28. No list or other document is attached.

## II.   ANALYSIS

Because Robertson's Motion was filed more than twenty-eight days after the Judgment was entered, the Court should construe it as a motion for relief from the Judgment under Federal Rule of Civil Procedure 60(b). *Garrison v. United States*, No. 3:21-cv-1091-D, 2021 WL 4265767, at *1 (N.D. Tex. Sept. 20, 2021). Federal Rule of Civil Procedure 60(b) provides for relief from final judgments, orders, or proceedings. Fed. R. Civ. P. 60(b). The rule permits relief for six enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect;" "fraud . . . misrepresentation, or mis-conduct by an opposing party;" a void judgment; and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (4), and (6). Subsection six "is a catchall provision that allows a court to grant relief 'from a final judgment, order, or proceeding' for 'any other reason that justifies relief.'" *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017).

Chief Judge Lynn should deny Robertson's Motion under Rule 60(b). The Motion offers no basis for relief from the Judgment under Rule 60(b). Robertson has not explained why he is entitled to relief from the Judgment and has not asserted any reason provided in Rule 60(b). He offered no facts that would justify such relief. Because he did not state any facts explaining or suggesting why relief from the Judgment under Rule 60(b) is proper, Chief Judge Lynn should deny Robertson's Motion.

### III.  CONCLUSION

Chief Judge Lynn should construe the Motion (ECF No. 28) as a motion for relief from the Judgment under Federal Rule of Civil Procedure 60(b) and should **DENY** it for the reasons previously given.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 8, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3